# EXHIBIT 1

**Martin J. Rooney**

| | |
|---|---|
| **From:** | Martin J. Rooney |
| **Sent:** | Wednesday, May 11, 2016 4:02 PM |
| **To:** | 'Jorge Maisonet' |
| **Subject:** | Draft release |
| **Attachments:** | Release.pdf |

Dear Mr. Maisonet:

Attached please find a draft release in this matter, following up on the settlement reached in Federal Court Monday. If you have any questions or proposed amendments, please advise.

**Martin J. Rooney, Esq.**
Curley & Curley, P.C.
35 Braintree Hill Office Park, S-103
Braintree MA 02184
617-523-2990 X215
www.curleylaw.com

## RELEASE AND SETTLEMENT AGREEMENT

1.    In consideration of SIXTY FIVE THOUSAND DOLLARS ($65,000.00) and other valuable consideration paid to Jorge A. Maisonet by Salem Housing Authority (SHA or the Authority), and in consideration of the mutual promises of the parties (including those enunciated in the following paragraphs), the receipt and sufficiency of which are hereby acknowledged, Jorge A. Maisonet enters into this release and hereby remises, releases, and forever discharges the Salem Housing Authority, Carol MacGown and Lorri DeFrancesco, and all past and present officers, Board members, directors, employees, servants, and agents of the Authority, from any and all debts, demands, actions, causes of actions, suits, accounts, covenants, contracts, agreements, damages, and all claims, demands, and liabilities whatsoever, including liability for damages and for attorneys' fees, both known and unknown, of any name and nature and in law and in equity, including but not limited to claims under the state and federal fair housing laws, and all anti-discrimination laws against The Authority, Carol MacGown and/or Lorri DeFrancesco, which he now has or ever had, including but not limited to all claims that were or could have been asserted and which in any way relate to or are in connection with his application for tenancy or his tenancy with the Salem Housing Authority and the lawsuit <u>Jorge A. Maisonet v. Salem Housing Authority, et al.</u>, US District Court, District of Massachusetts, Civil Action No.: 1:14-cv-12559-LTS.

2.    As further consideration for this agreement it is agreed that (a) Mr. Maisonet will receive a Section 8 Housing Choice Voucher from the SHA in compliance with all applicable federal regulations governing said program (including but not limited to completion of all necessary program forms, paperwork, verifications, etc., and continued eligibility for said

program); (b) the Authority will forgive all accrued unpaid back rent of Mr. Maisonet, if any; (c) upon request, the Authority will provide a neutral tenant reference for Mr. Maisonet; and (d) payment of the settlement funds to be made within 14 days of the completion of all necessary paperwork to effectuate this settlement and the deliverance of the Section 8 Housing Choice Voucher to Mr. Maisonet. The above provisions of this paragraph are necessary conditions of the settlement and the failure of Mr. Maisonet to execute any required forms and/or supply any necessary information to be awarded a Section 8 Housing Choice Voucher, to qualify for a Section 8 Housing Choice Voucher and/or to make use of the Section 8 Housing Choice Voucher within the time limits provided by federal regulation shall entitle the Authority to seek refund of the settlement monies paid, to seek unpaid rent (if any) and/or to move to terminate his tenancy in accord with state and federal law. Any failure of the Authority to comply with the above provisions of this paragraph may be enforced by motion in the pending federal action only.

3. It is expressly understood that the acceptance of the above-described good and valuable consideration is in full accord and satisfaction of a disputed claim and that such is not an admission of liability.

4. To the fullest extent allowed by law, Mr. Maisonet agrees that he and his attorney(s) will maintain the confidentiality of this settlement and the specific and general terms thereof as set forth in this agreement. No information concerning this settlement will be disclosed by any party, except that the parties or their attorneys may disclose the terms of this settlement to immediate family members, financial advisors, accountants, or to any public agency entitled to receive such information according to applicable statutes and regulations. No other disclosure of the terms of this agreement may be made by any party or their attorneys, except as required by law. The terms of this paragraph are expressly agreed to

be severable, and breach of these terms by any of the parties will not constitute a breach of the remainder of this agreement.

5. In consideration of the mutual promises of the parties (including those enunciated in the above paragraphs), the receipt and sufficiency of which are hereby acknowledged, Salem Housing Authority, Carol MacGown and Lorri DeFrancesco enter into this release and hereby remise, release, and forever discharge Jorge A. Maisonet from any and all debts, demands, actions, causes of actions, suits, accounts, covenants, contracts, agreements, damages, and all claims, demands, and liabilities whatsoever, including liability for damages and for attorneys' fees, both known and unknown, of any name and nature and in law and in equity, including but not limited to claims under the lease with the Authority and all state and federal fair housing laws, and all anti-discrimination laws against him which they now have or ever had, including but not limited to all claims that were or could have been asserted and which in any way relate to or are in connection with his application for tenancy or his tenancy with the Salem Housing Authority and the lawsuit Jorge A. Maisonet v. Salem Housing Authority, et al., US District Court, District of Massachusetts, Civil Action No.: 1:14-cv-12559-LTS.

6. The parties intend that the invalidity or unenforceability of any provision of this Release and Settlement Agreement shall not affect or render invalid or unenforceable any other provision.

7. It is the express intention of the parties that this Release shall operate as a sealed instrument.

8. Mr. Maisonet acknowledges that he is over 18 years of age, that he has read this Release and Settlement Agreement, that he has understood it, and that he has had the opportunity to seek the advice and counsel of an attorney of his choice, and that he has reported to the

US District Court that he has understood the terms and conditions of this settlement agreement. This release additionally applies to Mr. Maisonet's heirs, legal representatives and successors and is binding on all spouses, heirs, legal representatives and anyone else claiming under him.

9. The parties shall file a Stipulation of Dismissal with prejudice in the pending legal action noted in Paragraph 1.

10. The parties further agree that this document may be executed in several parts, and that electronic copies or other duplication of any signature shall be treated as if it is the original signature.


_____          _____
Jorge A. Maisonet                                                Date


## COMMONWEALTH OF MASSACHUSETTS

_____, ss.                                                ,2016


Then personally appeared before me the above-named, Jorge A. Maisonet, adequately proven to me by _____, and acknowledged the foregoing Release and Settlement Agreement to be his free act and deed.

Before me,


_____
Notary Public
My Commission Expires:

Salem Housing Authority,

_____

Carol MacGown, Ex. Director
Duly authorized


_____

Carol MacGown, individually

## COMMONWEALTH OF MASSACHUSETTS

_____, ss.                                                     ,2016

Then personally appeared before me the above-named Carol MacGown, adequately proven to me by _____, and acknowledged the foregoing Release and Settlement Agreement to be her free act and deed.

Before me,


_____

Notary Public
My Commission Expires:

_____
Lorri DeFrancesco, individually


## COMMONWEALTH OF MASSACHUSETTS


_____, ss.                                           ,2016


Then personally appeared before me the above-named Lorri DeFrancesco, adequately proven to me by _____, and acknowledged the foregoing Release and Settlement Agreement to be her free act and deed.


Before me,


_____
Notary Public
My Commission Expires:

**EXHIBIT 2**

| From: | Martin J. Rooney |
|---|---|
| Sent: | Tuesday, May 17, 2016 10:58 AM |
| To: | 'Jorge Maisonet' |
| Subject: | FW: Draft release |
| Attachments: | Release.pdf |

| Importance: | High |
|---|---|

Dear Mr. Maisonet:

Per my e-mail of last week, please advise if the language of the draft agreement is acceptable as soon as possible. Thank you for your attention to this matter.

**Martin J. Rooney, Esq.**
Curley & Curley, P.C.
35 Braintree Hill Office Park, S-103
Braintree MA 02184
617-523-2990 X215
www.curleylaw.com

---

**From:** Martin J. Rooney
**Sent:** Wednesday, May 11, 2016 4:02 PM
**To:** 'Jorge Maisonet'
**Subject:** Draft release

Dear Mr. Maisonet:

Attached please find a draft release in this matter, following up on the settlement reached in Federal Court Monday. If you have any questions or proposed amendments, please advise.

**Martin J. Rooney, Esq.**
Curley & Curley, P.C.
35 Braintree Hill Office Park, S-103
Braintree MA 02184
617-523-2990 X215
www.curleylaw.com

# EXHIBIT 3

**Martin J. Rooney**

| | |
|---|---|
| **From:** | jmurphy@murphycounsel.com |
| **Sent:** | Thursday, May 19, 2016 10:57 AM |
| **To:** | Martin J. Rooney |
| **Subject:** | Jorge Maisonet Settlement |
| **Attachments:** | 5-19-16 jorge maisonet settlement letter0001.pdf |

Attorney Rooney - please see the attached letter on behalf of Jorge Maisonet.  Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

May 19, 2016

*Sent via Email*

Martin J. Rooney, Esq.
Curley & Curley, P.C.
35 Braintree Hill Office Park, S-103
Braintree MA 02184

*RE: Jorge A. Maisonet v. Salem Housing Authority, et. al*

Dear Attorney Rooney:

My office has been retained by Jorge Maisonet ("Mr. Maisonet") to finalize the terms and conditions on the prospective settlement of the above-captioned matter. Unfortunately, Mr. Maisonet is incurring legal fees here because the terms as proposed in the draft settlement agreement you sent him on May 11, 2016, are different than previously proposed during mediation. Thus, in order to settle this matter Mr. Maisonet proposes the following terms:

- Significantly, Mr. Maisonet cannot agree to paragraph 2 in its current form. Mr. Maisonet cannot agree to any language that states … "shall entitle the Authority to seek refund of the settlement monies paid, to seek unpaid rent (if any) and/or to move to terminate his tenancy…". This language must be revised or eliminated such that Mr. Maisonet shall not bear any risk here;
- Mr. Maisonet requests a positive tenant reference rather than a "neutral" reference;
- Language which allows Mr. Maisonet to the ability to transfer his Section 8 Choice Voucher to any applicable Housing Authority;
- Lastly, Mr. Maisonet requires your client to sign a full release of all claims against him.

Please contact me at your earliest convenience so that this agreement can be executed as soon as possible.

Very truly yours,

Justin M. Murphy

# EXHIBIT 4

# Law Office of Justin M. Murphy

One International Place Suite 1400 Boston, MA 02110 | *t* (617) 921-8932 | *f* (617) 535-7552
jmurphy@murphycounsel.com

## ATTORNEY AUTHORIZATION

I, Jorge A. Maisonet, hereby authorize Justin M. Murphy to act as my legal counsel.
This authorization is valid for one year from the date of this document.   I may withdraw this
release at any time with written notice to Justin M. Murphy.


Client signature: _____ Date: 6/1/2016

Name (Print): Jorge A. Maisonet      /      Social Security No (last 4 digits) : _9860_

**Martin J. Rooney**

| | |
|---|---|
| **From:** | jmurphy@murphycounsel.com |
| **Sent:** | Wednesday, June 01, 2016 2:33 PM |
| **To:** | Martin J. Rooney |
| **Subject:** | atty authorization |
| **Attachments:** | athorneyAuthorization.pdf |

Please see the attached atty authorization on behalf of Mr. Maisonet.  Thank you.

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

rror, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

# EXHIBIT 5

**Martin J. Rooney**

| | |
|---|---|
| **From:** | jmurphy@murphycounsel.com |
| **Sent:** | Friday, June 03, 2016 9:38 AM |
| **To:** | Martin J. Rooney |
| **Subject:** | RE: Jorge Maisonet Settlement |

Ok - Mr. Maisonet shall agree.  Thank you.  Please send revised agreement at your earliest convenience.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, June 03, 2016 9:32 am
To: <jmurphy@murphycounsel.com>

Justin,

I looked into timing with SHA and it can turn the check around in 7 days from signature, so agreeable to change that language.  SHA is also pulling together the Section 8 paperwork so it is ready to go once Mr. Maisonet signs off on the agreement.

Thanks.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 3:02 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Can we get the 14 day language changed to 7 days?

1

I have not been in touch with Attorney Singer. I have advised Mr. Maisonet, yet he does not want to resolve his issues with Atty Singer via this settlement so those motions will likely move forward.

Once I get a copy of the opposition I'll forward it to you.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Thu, June 02, 2016 2:44 pm
To: <jmurphy@murphycounsel.com>

Justin,

Mr. Maisonet is simply wrong about when the time began to run for payment – it was clearly from signing of the final agreement. Indeed, one incentive to finalize the papers more quickly was that the sooner the papers were completed, the sooner Mr. Maisonet would have the settlement funds. I am checking with the SHA on how quickly the check can be issued once the agreement is signed.

Can you now confirm that the draft of the agreement is acceptable? If so, I will have the SHA execute a copy immediately.

I will pass along the suggestion that SHA begin working with Mr. Maisonet on the Section 8 paperwork in anticipation of a signed agreement. The matter has been on hold while the agreement language was being negotiated.

Also in anticipation of a signed agreement, please forward your W-9. Has any progress been made on settling the Singer attorneys' lien? Were you able to obtain a copy of the opposition to the lien that Mr. Maisonet states he attempted to file with the court?

Thank you for your attention to all these issues.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 12:21 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - one last inquiry from my client with respect to paragraph 2 and the 14 day period for your client to make payment.  First, Mr. Maisonet would like to see the payment made within 2 days pay execution.  He really digging in here on this request because his impression is that it was represented during the mediation that payment would be made 14 days from the mediation.  Obviously, this assumes execution of the agreement but regardless, Mr. Maisonet cannot wait another 14 days.  So whatever is humanly practical is requested here.

Lastly, Mr. Maisonet is still awaiting the necessary paperwork for the Voucher.  My understanding is that your client was going to send it to him.  Please advise.

Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, May 27, 2016 2:54 pm
To: <jmurphy@murphycounsel.com>

Justin,

Attached is a revised draft for consideration.   I look forward to hearing from you.  Also, still awaiting an appearance please.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Wednesday, May 25, 2016 10:08 AM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - I look forward getting those revisions.

Unfortunately, Mr. Maisonet is not willing to agree to any payout for Atty Singer's lien. That will have to be resolved by motion of the court. According to Mr. Maisonet he mailed a motion in opposition but I do not believe it was ever filed. I will be looking into this and filing said motion if necessary.

My fee is $2000.00 for handling this portion of the matter and so I would request that language to be put in the agreement if necessary. Further, I would ask that a separate check based on w9 be issued to me. Thank you.

Please let me know if you have any questions or concerns. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 3:37 pm
To: <jmurphy@murphycounsel.com>

Justin,

I think we are really pretty much on the same page here with regard to Mr. Maisonet's obligations. It is my understanding that Plaintiff can only breach the agreement by failing to do those things within his personal control. That was the intent of the language in Paragraph 2:

"the failure of Mr. Maisonet to execute any required forms and/or supply any necessary information…." Mr. Maisonet will not be in breach if he were to do everything in his power required by the regulations to apply for the voucher (or to follow up once he has the voucher); therefore, I believe your proposal in your paragraph 4 below is accurate. (Please note, however, that generally speaking it is highly unlikely he will not qualify for the voucher. He currently qualifies for public housing. The usual problems in qualifying are too much income and/or recent criminal convictions. (NB: the settlement does not count as income.) If he fails to qualify for the voucher now on that type of basis, it is extremely likely he will also no longer qualify for public housing at the SHA or anywhere else as a matter of law.) I will send you a revised version of the agreement addressing this language tomorrow.

Also, no problem changing the wording regarding the reference to "non-negative/neutral".

Finally, I heard from Atty. Singer with regard to his lien. He is willing to compromise the lien and release same for the payment of his out-of-pockets of $6399. I will plan to have two checks cut, one for $58,601 payable to Maisonet and yourself, and one for $6399 payable to Atty. Singer if that is agreeable with you. Let me know if that process is agreeable.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Tuesday, May 24, 2016 2:18 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Martin - thanks for your follow up email and reply to my client's concerns regarding the proposed terms of the settlement agreement.

First, I will be filing my appearance today and will provide you a copy of it, accordingly.

Second, most importantly, while I understand your point about enforcement of the contractual terms upon breach, the terms related to your client's ability to seek refund of the settlement proceeds are excessively one-sided. For example, it is speculative with regard to whether Mr. Maisonet shall qualify or not qualify for a Section 8 voucher. Where he has no control over this condition, not qualifying for

the voucher should not constitute a breach of the agreement. The settlement contemplates his release and waiver of claims against your client. That is his consideration for the 65k, voucher, waiver of any back rent, and neutral reference, etc. The voucher is an elective which is necessarily outside to scope of the pending litigation. Therefore, to require Mr. Maisonet to repay the settlement proceeds should he not qualify for the voucher is arguably unduly restrictive.

Rather, Mr. Maisonet proposes that should he not fulfill his obligations with respect to the Section 8 voucher, your client would not be liable under the agreement to issue him said voucher.

Lastly, as far as Mr. Maisonet's other concerns, the only request he has would be in accordance to your suggestion to change the "neutral" reference to "non-negative/neutral reference".

You have addressed my other concerns-thank you.

I look forward to your response.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.


-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 11:03 am
To: <jmurphy@murphycounsel.com>

Dear Atty. Murphy,

This matter came up on diary today. I am writing to follow up on the status of the settlement agreement. Thanks.

Martin

**From:** Martin J. Rooney
**Sent:** Thursday, May 19, 2016 2:21 PM
**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Atty. Murphy,

Please see the attached reply.

MJR

---

**From:** jmurphy@murphycounsel.com
[mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of
Jorge Maisonet.  Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is
confidential and/or privileged. This information is intended for the use of the
addressee named above. If you are not the addressee, note that any disclosure,
photocopying, distribution or use of the contents of this emailed information is
prohibited. If you have received this email in error, please delete the email and
notify us by telephone at 617-921-8932 so that we can retransmit the email to
the proper party.

# Martin J. Rooney

| | |
|---|---|
| **From:** | Martin J. Rooney |
| **Sent:** | Thursday, June 02, 2016 2:45 PM |
| **To:** | 'jmurphy@murphycounsel.com' |
| **Subject:** | RE: Jorge Maisonet Settlement |

Justin,

Mr. Maisonet is simply wrong about when the time began to run for payment – it was clearly from signing of the final agreement. Indeed, one incentive to finalize the papers more quickly was that the sooner the papers were completed, the sooner Mr. Maisonet would have the settlement funds. I am checking with the SHA on how quickly the check can be issued once the agreement is signed.

Can you now confirm that the draft of the agreement is acceptable? If so, I will have the SHA execute a copy immediately.

I will pass along the suggestion that SHA begin working with Mr. Maisonet on the Section 8 paperwork in anticipation of a signed agreement. The matter has been on hold while the agreement language was being negotiated.

Also in anticipation of a signed agreement, please forward your W-9. Has any progress been made on settling the Singer attorneys' lien? Were you able to obtain a copy of the opposition to the lien that Mr. Maisonet states he attempted to file with the court?

Thank you for your attention to all these issues.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 12:21 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - one last inquiry from my client with respect to paragraph 2 and the 14 day period for your client to make payment. First, Mr. Maisonet would like to see the payment made within 2 days pay execution. He really digging in here on this request because his impression is that it was represented during the mediation that payment would be made 14 days from the mediation. Obviously, this assumes execution of the agreement but regardless, Mr. Maisonet cannot wait another 14 days. So whatever is humanly practical is requested here.

Lastly, Mr. Maisonet is still awaiting the necessary paperwork for the Voucher. My understanding is that your client was going to send it to him. Please advise.

Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, May 27, 2016 2:54 pm
To: <jmurphy@murphycounsel.com>

Justin,

Attached is a revised draft for consideration. I look forward to hearing from you. Also, still awaiting an appearance please.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Wednesday, May 25, 2016 10:08 AM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - I look forward getting those revisions.

Unfortunately, Mr. Maisonet is not willing to agree to any payout for Atty Singer's lien. That will have to be resolved by motion of the court. According to Mr. Maisonet he mailed a motion in opposition but I do not believe it was ever filed. I will be looking into this and filing said motion if necessary.

My fee is $2000.00 for handling this portion of the matter and so I would request that language to be put in the agreement if necessary. Further, I would ask that a separate check based on w9 be issued to me. Thank you.

Please let me know if you have any questions or concerns. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 3:37 pm
To: <jmurphy@murphycounsel.com>

Justin,

I think we are really pretty much on the same page here with regard to Mr. Maisonet's obligations. It is my understanding that Plaintiff can only breach the agreement by failing to do those things within his personal control. That was the intent of the language in Paragraph 2: "the failure of Mr. Maisonet to execute any required forms and/or supply any necessary information...." Mr. Maisonet will not be in breach if he were to do everything in his power required by the regulations to apply for the voucher (or to follow up once he has the voucher); therefore, I believe your proposal in your paragraph 4 below is accurate. (Please note, however, that generally speaking it is highly unlikely he will not qualify for the voucher. He currently qualifies for public housing. The usual problems in qualifying are too much income and/or recent criminal convictions. (NB: the settlement does not count as income.) If he fails to qualify for the voucher now on that type of basis, it is extremely likely he will also no longer qualify for public housing at the SHA or anywhere else as a matter of law.) I will send you a revised version of the agreement addressing this language tomorrow.

Also, no problem changing the wording regarding the reference to "non-negative/neutral".

Finally, I heard from Atty. Singer with regard to his lien. He is willing to compromise the lien and release same for the payment of his out-of-pockets of $6399. I will plan to have two checks cut, one for $58,601 payable to Maisonet and yourself, and one for $6399 payable to Atty. Singer if that is agreeable with you. Let me know if that process is agreeable.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Tuesday, May 24, 2016 2:18 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Martin - thanks for your follow up email and reply to my client's concerns regarding the proposed terms of the settlement agreement.

First, I will be filing my appearance today and will provide you a copy of it, accordingly.

Second, most importantly, while I understand your point about enforcement of the contractual terms upon breach, the terms related to your client's ability to seek refund of the settlement proceeds are excessively one-sided. For example, it is speculative with regard to whether Mr. Maisonet shall qualify or not qualify for a Section 8 voucher. Where he has no control over this condition, not qualifying for the voucher should not constitute a breach of the agreement. The settlement contemplates his release and waiver of claims against your client. That is his consideration for the 65k, voucher, waiver of any back rent, and neutral reference, etc. The voucher is an elective which is necessarily outside to scope of the pending litigation. Therefore, to require Mr. Maisonet to repay the settlement proceeds should he not qualify for the voucher is arguably unduly restrictive.

Rather, Mr. Maisonet proposes that should he not fulfill his obligations with respect to the Section 8 voucher, your client would not be liable under the agreement to issue him said voucher.

Lastly, as far as Mr. Maisonet's other concerns, the only request he has would be in accordance to your suggestion to change the "neutral" reference to "non-negative/neutral reference".

You have addressed my other concerns-thank you.

I look forward to your response.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

4

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 11:03 am
To: <jmurphy@murphycounsel.com>

Dear Atty. Murphy,

This matter came up on diary today. I am writing to follow up on the status of the settlement agreement. Thanks.

Martin

---

**From:** Martin J. Rooney
**Sent:** Thursday, May 19, 2016 2:21 PM
**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Atty. Murphy,

Please see the attached reply.

MJR

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of Jorge Maisonet. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

**Martin J. Rooney**

| | |
|---|---|
| From: | jmurphy@murphycounsel.com |
| Sent: | Thursday, June 02, 2016 12:21 PM |
| To: | Martin J. Rooney |
| Subject: | RE: Jorge Maisonet Settlement |

Hello Attorney Rooney - one last inquiry from my client with respect to paragraph 2 and the 14 day period for your client to make payment. First, Mr. Maisonet would like to see the payment made within 2 days pay execution. He really digging in here on this request because his impression is that it was represented during the mediation that payment would be made 14 days from the mediation. Obviously, this assumes execution of the agreement but regardless, Mr. Maisonet cannot wait another 14 days. So whatever is humanly practical is requested here.

Lastly, Mr. Maisonet is still awaiting the necessary paperwork for the Voucher. My understanding is that your client was going to send it to him. Please advise.

Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, May 27, 2016 2:54 pm
To: <jmurphy@murphycounsel.com>

Justin,

Attached is a revised draft for consideration. I look forward to hearing from you. Also, still awaiting an appearance please.

Martin

Hello Attorney Rooney - I look forward getting those revisions.

Unfortunately, Mr. Maisonet is not willing to agree to any payout for Atty Singer's lien. That will have to be resolved by motion of the court. According to Mr. Maisonet he mailed a motion in opposition but I do not believe it was ever filed. I will be looking into this and filing said motion if necessary.

My fee is $2000.00 for handling this portion of the matter and so I would request that language to be put in the agreement if necessary. Further, I would ask that a separate check based on w9 be issued to me. Thank you.

Please let me know if you have any questions or concerns. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 3:37 pm
To: <jmurphy@murphycounsel.com>

Justin,

I think we are really pretty much on the same page here with regard to Mr. Maisonet's obligations. It is my understanding that Plaintiff can only breach the agreement by failing to do those things within his personal control. That was the intent of the language in Paragraph 2: "the failure of Mr. Maisonet to execute any required forms and/or supply any necessary information...." Mr. Maisonet will not be in breach if he were to do everything in his power required by the regulations to apply for the voucher (or to follow up once he has the voucher); therefore, I believe your proposal in your paragraph 4 below is accurate. (Please note, however, that generally speaking it is highly unlikely he will not qualify for the voucher. He currently qualifies for public housing. The usual problems in qualifying are too much

income and/or recent criminal convictions. (NB: the settlement does not count as income.) If he fails to qualify for the voucher now on that type of basis, it is extremely likely he will also no longer qualify for public housing at the SHA or anywhere else as a matter of law.) I will send you a revised version of the agreement addressing this language tomorrow.

Also, no problem changing the wording regarding the reference to "non-negative/neutral".

Finally, I heard from Atty. Singer with regard to his lien. He is willing to compromise the lien and release same for the payment of his out-of-pockets of $6399. I will plan to have two checks cut, one for $58,601 payable to Maisonet and yourself, and one for $6399 payable to Atty. Singer if that is agreeable with you. Let me know if that process is agreeable.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Tuesday, May 24, 2016 2:18 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Martin - thanks for your follow up email and reply to my client's concerns regarding the proposed terms of the settlement agreement.

First, I will be filing my appearance today and will provide you a copy of it, accordingly.

Second, most importantly, while I understand your point about enforcement of the contractual terms upon breach, the terms related to your client's ability to seek refund of the settlement proceeds are excessively one-sided. For example, it is speculative with regard to whether Mr. Maisonet shall qualify or not qualify for a Section 8 voucher. Where he has no control over this condition, not qualifying for the voucher should not constitute a breach of the agreement. The settlement contemplates his release and waiver of claims against your client. That is his consideration for the 65k, voucher, waiver of any back rent, and neutral reference, etc. The voucher is an elective which is necessarily outside to scope of the pending litigation. Therefore, to require Mr. Maisonet to repay the settlement proceeds should he not qualify for the voucher is arguably unduly restrictive.

Rather, Mr. Maisonet proposes that should he not fulfill his obligations with respect to the Section 8 voucher, your client would not be liable under the agreement to issue him said voucher.

Lastly, as far as Mr. Maisonet's other concerns, the only request he has would be in accordance to your suggestion to change the "neutral" reference to "non-negative/neutral reference".

You have addressed my other concerns-thank you.

I look forward to your response.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 11:03 am
To: <jmurphy@murphycounsel.com>

Dear Atty. Murphy,

This matter came up on diary today. I am writing to follow up on the status of the settlement agreement. Thanks.

Martin

_____

**From:** Martin J. Rooney
**Sent:** Thursday, May 19, 2016 2:21 PM
**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Atty. Murphy,

Please see the attached reply.

MJR

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of Jorge Maisonet.  Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

| | |
|---|---|
| **From:** | Justin M. Murphy, Esq. <jmurphy@murphycounsel.com> |
| **Sent:** | Wednesday, June 01, 2016 11:14 AM |
| **To:** | Martin J. Rooney |
| **Subject:** | Re: Jorge Maisonet Settlement |

Still advising Jorge. I am not planning on filing an appearance. If you need an attorney authorization form I am happy to provide you with one. Thanks.

Sent from my iPhone

On Jun 1, 2016, at 11:10 AM, Martin J. Rooney <mjr@curleylaw.com> wrote:

> Hi Justin,
>
> Have you filed your appearance yet?
>
> Any update on the draft agreement?
>
> Thanks.
>
> Martin

> **From:** Martin J. Rooney
> **Sent:** Friday, May 27, 2016 2:55 PM
> **To:** 'jmurphy@murphycounsel.com'
> **Subject:** RE: Jorge Maisonet Settlement
>
> Justin,
>
> Attached is a revised draft for consideration.   I look forward to hearing from you.  Also, still awaiting an appearance please.
>
> Martin

> **From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
> **Sent:** Wednesday, May 25, 2016 10:08 AM
> **To:** Martin J. Rooney
> **Subject:** RE: Jorge Maisonet Settlement
>
> Hello Attorney Rooney - I look forward getting those revisions.

Unfortunately, Mr. Maisonet is not willing to agree to any payout for Atty Singer's lien. That will have to be resolved by motion of the court. According to Mr. Maisonet he mailed a motion in opposition but I do not believe it was ever filed. I will be looking into this and filing said motion if necessary.

My fee is $2000.00 for handling this portion of the matter and so I would request that language to be put in the agreement if necessary. Further, I would ask that a separate check based on w9 be issued to me. Thank you.

Please let me know if you have any questions or concerns. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 3:37 pm
To: <jmurphy@murphycounsel.com>

Justin,

I think we are really pretty much on the same page here with regard to Mr. Maisonet's obligations. It is my understanding that Plaintiff can only breach the agreement by failing to do those things within his personal control. That was the intent of the language in Paragraph 2: "the failure of Mr. Maisonet to execute any required forms and/or supply any necessary information...." Mr. Maisonet will not be in breach if he were to do everything in his power required by the regulations to apply for the voucher (or to follow up once he has the voucher); therefore, I believe your proposal in your paragraph 4 below is accurate. (Please note, however, that generally speaking it is highly unlikely he will not qualify for the voucher. He currently qualifies for public housing. The usual problems in qualifying are too much income and/or recent criminal convictions. (NB: the settlement does not count as income.) If he fails to qualify for the voucher now on that type of basis, it is extremely likely he will also no longer qualify for public housing at the SHA or anywhere else as a

matter of law.) I will send you a revised version of the agreement addressing this language tomorrow.

Also, no problem changing the wording regarding the reference to "non-negative/neutral".

Finally, I heard from Atty. Singer with regard to his lien. He is willing to compromise the lien and release same for the payment of his out-of-pockets of $6399. I will plan to have two checks cut, one for $58,601 payable to Maisonet and yourself, and one for $6399 payable to Atty. Singer if that is agreeable with you. Let me know if that process is agreeable.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Tuesday, May 24, 2016 2:18 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Martin - thanks for your follow up email and reply to my client's concerns regarding the proposed terms of the settlement agreement.

First, I will be filing my appearance today and will provide you a copy of it, accordingly.

Second, most importantly, while I understand your point about enforcement of the contractual terms upon breach, the terms related to your client's ability to seek refund of the settlement proceeds are excessively one-sided. For example, it is speculative with regard to whether Mr. Maisonet shall qualify or not qualify for a Section 8 voucher. Where he has no control over this condition, not qualifying for the voucher should not constitute a breach of the agreement. The settlement contemplates his release and waiver of claims against your client. That is his consideration for the 65k, voucher, waiver of any back rent, and neutral reference, etc. The voucher is an elective which is necessarily outside to scope of the pending litigation. Therefore, to require Mr. Maisonet to repay the settlement proceeds should he not qualify for the voucher is arguably unduly restrictive.

Rather, Mr. Maisonet proposes that should he not fulfill his obligations with respect to the Section 8 voucher, your client would not be liable under the agreement to issue him said voucher.

Lastly, as far as Mr. Maisonet's other concerns, the only request he has would be in accordance to your suggestion to change the "neutral" reference to "non-negative/neutral reference".

You have addressed my other concerns-thank you.

I look forward to your response.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 11:03 am
To: <jmurphy@murphycounsel.com>

Dear Atty. Murphy,

This matter came up on diary today. I am writing to follow up on the status of the settlement agreement. Thanks.

Martin

---

**From:** Martin J. Rooney
**Sent:** Thursday, May 19, 2016 2:21 PM
**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Atty. Murphy,

Please see the attached reply.

MJR

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of Jorge
Maisonet. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or
privileged. This information is intended for the use of the addressee named above. If you are
not the addressee, note that any disclosure, photocopying, distribution or use of the contents
of this emailed information is prohibited. If you have received this email in error, please delete
the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to
the proper party.

**Martin J. Rooney**

Hello Martin - thanks for your follow up email and reply to my client's concerns regarding the proposed terms of the settlement agreement.

First, I will be filing my appearance today and will provide you a copy of it, accordingly.

Second, most importantly, while I understand your point about enforcement of the contractual terms upon breach, the terms related to your client's ability to seek refund of the settlement proceeds are excessively one-sided. For example, it is speculative with regard to whether Mr. Maisonet shall qualify or not qualify for a Section 8 voucher. Where he has no control over this condition, not qualifying for the voucher should not constitute a breach of the agreement. The settlement contemplates his release and waiver of claims against your client. That is his consideration for the 65k, voucher, waiver of any back rent, and neutral reference, etc. The voucher is an elective which is necessarily outside to scope of the pending litigation. Therefore, to require Mr. Maisonet to repay the settlement proceeds should he not qualify for the voucher is arguably unduly restrictive.

Rather, Mr. Maisonet proposes that should he not fulfill his obligations with respect to the Section 8 voucher, your client would not be liable under the agreement to issue him said voucher.

Lastly, as far as Mr. Maisonet's other concerns, the only request he has would be in accordance to your suggestion to change the "neutral" reference to "non-negative/neutral reference".

You have addressed my other concerns-thank you.

I look forward to your response.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 11:03 am
To: <jmurphy@murphycounsel.com>

Dear Atty. Murphy,

This matter came up on diary today. I am writing to follow up on the status of the settlement agreement. Thanks.

Martin

---

**From:** Martin J. Rooney
**Sent:** Thursday, May 19, 2016 2:21 PM
**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Atty. Murphy,

Please see the attached reply.

MJR

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of Jorge Maisonet. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

**Martin J. Rooney**

| | |
|---|---|
| From: | Martin J. Rooney |
| Sent: | Thursday, May 19, 2016 2:21 PM |
| To: | 'jmurphy@murphycounsel.com' |
| Subject: | RE: Jorge Maisonet Settlement |
| Attachments: | Reply 5.19.16 Murphy.pdf |

Atty. Murphy,

Please see the attached reply.

MJR

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of Jorge Maisonet.  Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

# CURLEY & CURLEY P.C.

ATTORNEYS AT LAW
35 BRAINTREE HILL OFFICE PARK
SUITE 103
BRAINTREE, MA 02184

(617) 523-2990
FACSIMILE (617) 523-7602

ROBERT A. CURLEY, JR.
EUGENE F. NOWELL
DAVID D. DOWD
MARTIN J. ROONEY*
LISABETH RYAN KUNDERT
JAMES C. WOOD
JOSEPH P. EVANS

*ALSO MEMBER OF NEW HAMPSHIRE BAR

E-MAIL ADDRESS
MJR@CURLEYLAW.COM

DIRECT DIAL
(781) 796-0027

**BY E-Mail**

May 19, 2016

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place, S-1400
Boston MA 02110

RE: **Maisonet v. Salem Housing Authority, et al.**

Dear Atty. Murphy:

I am in receipt of your letter dated 5/19/16, on this case.

You indicate that you are now representing Mr. Maisonet. Accordingly, please file a notice of appearance with the court at your first opportunity.

Contrary to the first paragraph of your letter, none of the terms in the draft release and settlement agreement are "different than previously proposed during mediation." As you were not at the mediation, I assume your client has made this incorrect characterization. All of the terms of the agreement were indeed discussed at length with Judge Hennessy.

Turning to the specific proposals included within your letter, I do not understand the substance of the issue addressed in the first bullet point. The language you quote is not any type of liquidated damages or self-help clause. Rather, it simply confirms the existing law that upon breach of any type of contract by one side, the other side may

"seek" to enforce its legal rights. If Mr. Maisonet fails to comply with the terms of the agreement, the Authority has the right to seek legal redress for such failure. Such enforcement actions are routine where one party to a settlement agreement fails to comply with the terms of the settlement. In any enforcement action, Mr. Maisonet would have the right to have his position on that issue presented to the appropriate court. The language you have highlighted is a basic proposition of law, and not any sort of new or different term in the settlement agreement. Continuing, I do not understand your comment that "Mr. Maisonet shall not bear any risk here." Mr. Maisonet has entered into a contract, which was confirmed in open court on the record. If he fails to meet his obligations under such a contract, there is always some risk. Similarly, if the Authority does not comply with the terms of the agreement, Plaintiff can seek to enforce the agreement against it. Accordingly, I do not see any specific need to amend this portion of Paragraph 2. If your point in this part of your letter is other than I understand it, please advise. If you disagree as a matter of law as to the legal enforceability of settlement agreements, please provide your legal basis for that position so that I and my client may review same.

In your second bullet point, you state Mr. Maisonet now requests a "positive tenant reference". At the mediation Plaintiff repeatedly stated (including on the record) that he was seeking a "non-negative" tenant reference, which is why the term neutral was used in the settlement document. I can certainly use the term "non-negative" if you prefer. If this issue is simply a debate over the proper descriptive word for the reference, please forward a draft of the requested tenant reference itself for review.

Your third bullet point addresses the ability of Plaintiff to transfer his Section 8 voucher to any other housing provider. This is already included in the document in Paragraph 2. (Plaintiff "will receive a Section 8 Housing Choice Voucher from the SHA in compliance with all applicable federal regulations governing said program.")(emphasis added) The right to transfer the Section 8 voucher exists as a matter of law, and is not subject to the agreement or consent of the SHA. The Authority has no legal ability to alter or remove rights that exist by federal regulation. Please review the federal Section 8 regulations to satisfy yourself on this point.

Bullet point 4 requests a release of any claims by the Defendants against the Plaintiff. This too is already covered by the agreement. Paragraph 5 of the proposed agreement specifically provides the Defendants are releasing Plaintiff. If you have alternative language you would prefer for this paragraph, please forward a draft thereof for review.

If there are any other questions, please let me know. I look forward to your response and the filing of your appearance in this litigation.

Very truly yours,

CURLEY & CURLEY, P.C.

*Martin*

Martin J. Rooney, Esq.

# EXHIBIT 6

| | |
|---|---|
| **From:** | jmurphy@murphycounsel.com |
| **Sent:** | Friday, June 03, 2016 9:38 AM |
| **To:** | Martin J. Rooney |
| **Subject:** | RE: Jorge Maisonet Settlement |

Ok - Mr. Maisonet shall agree.  Thank you.  Please send revised agreement at your earliest convenience.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, June 03, 2016 9:32 am
To: <jmurphy@murphycounsel.com>

Justin,

I looked into timing with SHA and it can turn the check around in 7 days from signature, so agreeable to change that language.  SHA is also pulling together the Section 8 paperwork so it is ready to go once Mr. Maisonet signs off on the agreement.

Thanks.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 3:02 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Can we get the 14 day language changed to 7 days?

**EXHIBIT 7**

| | |
|---|---|
| **From:** | Martin J. Rooney |
| **Sent:** | Friday, June 03, 2016 9:55 AM |
| **To:** | 'jmurphy@murphycounsel.com' |
| **Subject:** | RE: Jorge Maisonet Settlement |
| **Attachments:** | Release #4.doc; Stip of Dismissal.docx |

Attached is the revised agreement, along with a Stipulation of Dismissal. Please have Mr. Maisonet execute these documents as soon as possible. Thanks.

MJR

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Friday, June 03, 2016 9:38 AM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Ok - Mr. Maisonet shall agree. Thank you. Please send revised agreement at your earliest convenience.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, June 03, 2016 9:32 am
To: <jmurphy@murphycounsel.com>

Justin,

I looked into timing with SHA and it can turn the check around in 7 days from signature, so agreeable to change that language. SHA is also pulling together the Section 8 paperwork so it is ready to go once Mr. Maisonet signs off on the agreement.

Thanks.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 3:02 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Can we get the 14 day language changed to 7 days?

I have not been in touch with Attorney Singer.  I have advised Mr. Maisonet, yet he does not want to resolve his issues with Atty Singer via this settlement so those motions will likely move forward.

Once I get a copy of the opposition I'll forward it to you.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Thu, June 02, 2016 2:44 pm
To: <jmurphy@murphycounsel.com>

Justin,

Mr. Maisonet is simply wrong about when the time began to run for payment – it was clearly from signing of the final agreement.  Indeed, one incentive to finalize the papers more quickly was that the sooner the papers were completed, the sooner Mr. Maisonet would have the settlement funds.  I am checking with the SHA on how quickly the check can be issued once the agreement is signed.

Can you now confirm that the draft of the agreement is acceptable? If so, I will have the SHA execute a copy immediately.

I will pass along the suggestion that SHA begin working with Mr. Maisonet on the Section 8 paperwork in anticipation of a signed agreement. The matter has been on hold while the agreement language was being negotiated.

Also in anticipation of a signed agreement, please forward your W-9. Has any progress been made on settling the Singer attorneys' lien? Were you able to obtain a copy of the opposition to the lien that Mr. Maisonet states he attempted to file with the court?

Thank you for your attention to all these issues.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 12:21 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - one last inquiry from my client with respect to paragraph 2 and the 14 day period for your client to make payment. First, Mr. Maisonet would like to see the payment made within 2 days pay execution. He really digging in here on this request because his impression is that it was represented during the mediation that payment would be made 14 days from the mediation. Obviously, this assumes execution of the agreement but regardless, Mr. Maisonet cannot wait another 14 days. So whatever is humanly practical is requested here.

Lastly, Mr. Maisonet is still awaiting the necessary paperwork for the Voucher. My understanding is that your client was going to send it to him. Please advise.

Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you

have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, May 27, 2016 2:54 pm
To: <jmurphy@murphycounsel.com>

Justin,

Attached is a revised draft for consideration. I look forward to hearing from you. Also, still awaiting an appearance please.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Wednesday, May 25, 2016 10:08 AM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - I look forward getting those revisions.

Unfortunately, Mr. Maisonet is not willing to agree to any payout for Atty Singer's lien. That will have to be resolved by motion of the court. According to Mr. Maisonet he mailed a motion in opposition but I do not believe it was ever filed. I will be looking into this and filing said motion if necessary.

My fee is $2000.00 for handling this portion of the matter and so I would request that language to be put in the agreement if necessary. Further, I would ask that a separate check based on w9 be issued to me. Thank you.

Please let me know if you have any questions or concerns. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 3:37 pm
To: <jmurphy@murphycounsel.com>

Justin,

I think we are really pretty much on the same page here with regard to Mr. Maisonet's obligations. It is my understanding that Plaintiff can only breach the agreement by failing to do those things within his personal control. That was the intent of the language in Paragraph 2: "the failure of Mr. Maisonet to execute any required forms and/or supply any necessary information…." Mr. Maisonet will not be in breach if he were to do everything in his power required by the regulations to apply for the voucher (or to follow up once he has the voucher); therefore, I believe your proposal in your paragraph 4 below is accurate. (Please note, however, that generally speaking it is highly unlikely he will not qualify for the voucher. He currently qualifies for public housing. The usual problems in qualifying are too much income and/or recent criminal convictions. (NB: the settlement does not count as income.) If he fails to qualify for the voucher now on that type of basis, it is extremely likely he will also no longer qualify for public housing at the SHA or anywhere else as a matter of law.) I will send you a revised version of the agreement addressing this language tomorrow.

Also, no problem changing the wording regarding the reference to "non-negative/neutral".

Finally, I heard from Atty. Singer with regard to his lien. He is willing to compromise the lien and release same for the payment of his out-of-pockets of $6399. I will plan to have two checks cut, one for $58,601 payable to Maisonet and yourself, and one for $6399 payable to Atty. Singer if that is agreeable with you. Let me know if that process is agreeable.

Martin

---

Hello Martin - thanks for your follow up email and reply to my client's concerns regarding the proposed terms of the settlement agreement.

First, I will be filing my appearance today and will provide you a copy of it, accordingly.

Second, most importantly, while I understand your point about enforcement of the contractual terms upon breach, the terms related to your client's ability to seek refund of the settlement proceeds are excessively one-sided. For example, it is speculative with regard to whether Mr. Maisonet shall qualify or not qualify for a Section 8 voucher. Where he has no control over this condition, not qualifying for the voucher should not constitute a breach of the agreement. The settlement contemplates his release and waiver of claims against your client. That is his consideration for the 65k, voucher, waiver of any back rent, and neutral reference, etc. The voucher is an elective which is necessarily outside to scope of the pending litigation. Therefore, to require Mr. Maisonet to repay the settlement proceeds should he not qualify for the voucher is arguably unduly restrictive.

Rather, Mr. Maisonet proposes that should he not fulfill his obligations with respect to the Section 8 voucher, your client would not be liable under the agreement to issue him said voucher.

Lastly, as far as Mr. Maisonet's other concerns, the only request he has would be in accordance to your suggestion to change the "neutral" reference to "non-negative/neutral reference".

You have addressed my other concerns-thank you.

I look forward to your response.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 11:03 am
To: <jmurphy@murphycounsel.com>

Dear Atty. Murphy,

This matter came up on diary today. I am writing to follow up on the status of the settlement agreement. Thanks.

Martin

---

**From:** Martin J. Rooney
**Sent:** Thursday, May 19, 2016 2:21 PM
**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Atty. Murphy,

Please see the attached reply.

MJR

---

**From:** jmurphy@murphycounsel.com
[mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of Jorge Maisonet. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

# EXHIBIT 8

**Martin J. Rooney**

| | |
|---|---|
| **From:** | jmurphy@murphycounsel.com |
| **Sent:** | Friday, June 03, 2016 11:32 AM |
| **To:** | Martin J. Rooney |
| **Subject:** | RE: Jorge Maisonet Settlement |

Got it - thanks.

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, June 03, 2016 11:28 am
To: <jmurphy@murphycounsel.com>

Justin,

Client requested one minor change in Paragraph 1 (adding agents and attorneys to payee list) to make it clear that it will not be literally one check.  Thanks for substituting this version.

Martin

**From:** Martin J. Rooney
**Sent:** Friday, June 03, 2016 9:55 AM
**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Attached  is the revised agreement, along with a Stipulation of Dismissal.  Please have Mr. Maisonet execute these documents as soon as possible.  Thanks.

MJR

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Friday, June 03, 2016 9:38 AM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Ok - Mr. Maisonet shall agree.  Thank you.  Please send revised agreement at your earliest convenience.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
**Subject:** RE: Jorge Maisonet Settlement
**From:** "Martin J. Rooney" <mjr@curleylaw.com>
**Date:** Fri, June 03, 2016 9:32 am
**To:** <jmurphy@murphycounsel.com>

Justin,

I looked into timing with SHA and it can turn the check around in 7 days from signature, so agreeable to change that language.  SHA is also pulling together the Section 8 paperwork so it is ready to go once Mr. Maisonet signs off on the agreement.

Thanks.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 3:02 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Can we get the 14 day language changed to 7 days?

I have not been in touch with Attorney Singer. I have advised Mr. Maisonet, yet he does not want to resolve his issues with Atty Singer via this settlement so those motions will likely move forward.

Once I get a copy of the opposition I'll forward it to you.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Thu, June 02, 2016 2:44 pm
To: <jmurphy@murphycounsel.com>

Justin,

Mr. Maisonet is simply wrong about when the time began to run for payment – it was clearly from signing of the final agreement. Indeed, one incentive to finalize the papers more quickly was that the sooner the papers were completed, the sooner Mr. Maisonet would have the settlement funds. I am checking with the SHA on how quickly the check can be issued once the agreement is signed.

Can you now confirm that the draft of the agreement is acceptable? If so, I will have the SHA execute a copy immediately.

I will pass along the suggestion that SHA begin working with Mr. Maisonet on the Section 8 paperwork in anticipation of a signed agreement. The matter has been on hold while the agreement language was being negotiated.

Also in anticipation of a signed agreement, please forward your W-9. Has any progress been made on settling the Singer attorneys' lien? Were you able

to obtain a copy of the opposition to the lien that Mr. Maisonet states he attempted to file with the court?

Thank you for your attention to all these issues.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 12:21 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - one last inquiry from my client with respect to paragraph 2 and the 14 day period for your client to make payment. First, Mr. Maisonet would like to see the payment made within 2 days pay execution. He really digging in here on this request because his impression is that it was represented during the mediation that payment would be made 14 days from the mediation. Obviously, this assumes execution of the agreement but regardless, Mr. Maisonet cannot wait another 14 days. So whatever is humanly practical is requested here.

Lastly, Mr. Maisonet is still awaiting the necessary paperwork for the Voucher. My understanding is that your client was going to send it to him. Please advise.

Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, May 27, 2016 2:54 pm
To: <jmurphy@murphycounsel.com>

Justin,

Attached is a revised draft for consideration. I look forward to hearing from you. Also, still awaiting an appearance please.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Wednesday, May 25, 2016 10:08 AM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - I look forward getting those revisions.

Unfortunately, Mr. Maisonet is not willing to agree to any payout for Atty Singer's lien. That will have to be resolved by motion of the court. According to Mr. Maisonet he mailed a motion in opposition but I do not believe it was ever filed. I will be looking into this and filing said motion if necessary.

My fee is $2000.00 for handling this portion of the matter and so I would request that language to be put in the agreement if necessary. Further, I would ask that a separate check based on w9 be issued to me. Thank you.

Please let me know if you have any questions or concerns. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 3:37 pm
To: <jmurphy@murphycounsel.com>

Justin,

I think we are really pretty much on the same page here with regard to Mr. Maisonet's obligations. It is my understanding that Plaintiff can only breach the agreement by failing to do those things within his personal control. That was the intent of the language in Paragraph 2: "the failure of Mr. Maisonet to execute any required forms and/or supply any necessary information…." Mr. Maisonet will not be in breach if he were to do everything in his power required by the regulations to apply for the voucher (or to follow up once he has the voucher); therefore, I believe your proposal in your paragraph 4 below is accurate. (Please note, however, that generally speaking it is highly unlikely he will not qualify for the voucher. He currently qualifies for public housing. The usual problems in qualifying are too much income and/or recent criminal convictions. (NB: the settlement does not count as income.) If he fails to qualify for the voucher now on that type of basis, it is extremely likely he will also no longer qualify for public housing at the SHA or anywhere else as a matter of law.)  I will send you a revised version of the agreement addressing this language tomorrow.

Also, no problem changing the wording regarding the reference to "non-negative/neutral".

Finally, I heard from Atty. Singer with regard to his lien. He is willing to compromise the lien and release same for the payment of his out-of-pockets of $6399. I will plan to have two checks cut, one for $58,601 payable to Maisonet and yourself, and one for $6399 payable to Atty. Singer if that is agreeable with you. Let me know if that process is agreeable.

Martin

---

From: jmurphy@murphycounsel.com
[mailto:jmurphy@murphycounsel.com]
**Sent:** Tuesday, May 24, 2016 2:18 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Martin - thanks for your follow up email and reply to my client's concerns regarding the proposed terms of the settlement agreement.

First, I will be filing my appearance today and will provide you a copy of it, accordingly.

Second, most importantly, while I understand your point about enforcement of the contractual terms upon breach, the terms related to your client's ability to seek refund of the settlement proceeds are excessively one-sided. For example, it is speculative with regard to whether Mr. Maisonet shall qualify or not qualify for a Section 8 voucher. Where he has no control over this condition, not qualifying for the voucher should not constitute a breach of the agreement. The settlement contemplates his release and waiver of claims against your client. That is his consideration for the 65k, voucher, waiver of any back rent, and neutral reference, etc. The voucher is an elective which is necessarily outside to scope of the pending litigation. Therefore, to require Mr. Maisonet to repay the settlement proceeds should he not qualify for the voucher is arguably unduly restrictive.

Rather, Mr. Maisonet proposes that should he not fulfill his obligations with respect to the Section 8 voucher, your client would not be liable under the agreement to issue him said voucher.

Lastly, as far as Mr. Maisonet's other concerns, the only request he has would be in accordance to your suggestion to change the "neutral" reference to "non-negative/neutral reference".

You have addressed my other concerns-thank you.

I look forward to your response.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 11:03 am
To: <jmurphy@murphycounsel.com>

Dear Atty. Murphy,

This matter came up on diary today. I am writing to follow up on the status of the settlement agreement. Thanks.

Martin

---

**From:** Martin J. Rooney
**Sent:** Thursday, May 19, 2016 2:21 PM
**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Atty. Murphy,

Please see the attached reply.

MJR

---

**From:** jmurphy@murphycounsel.com
[mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of Jorge Maisonet. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

**EXHIBIT 9**

**Martin J. Rooney**

| | |
|---|---|
| From: | jmurphy@murphycounsel.com |
| Sent: | Friday, June 03, 2016 12:49 PM |
| To: | Martin J. Rooney |
| Subject: | RE: Jorge Maisonet Settlement/lien |
| Attachments: | Release #5-1 atty murphy revision.doc |

Hello Martin - hopefully these are the last edits. Mr. Maisonet is having issues with the legalise so I revised paragraph 2 to include (e). I also revised paragraph 2 to include new language regarding enforcement of the agreement because Mr. Maisonet needs it spelled out.

Thanks

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement/lien
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, June 03, 2016 12:03 pm
To: <jmurphy@murphycounsel.com>

Justin,

With regard to the lien, you may want to contact, or have Mr. Maisonet contact, Atty. Singer: bas@bsingerlaw.com; cell number of 617-694-1673.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 3:02 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Can we get the 14 day language changed to 7 days?

I have not been in touch with Attorney Singer. I have advised Mr. Maisonet, yet he does not want to resolve his issues with Atty Singer via this settlement so those motions will likely move forward.

Once I get a copy of the opposition I'll forward it to you.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.


-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Thu, June 02, 2016 2:44 pm
To: <jmurphy@murphycounsel.com>

Justin,

Mr. Maisonet is simply wrong about when the time began to run for payment – it was clearly from signing of the final agreement. Indeed, one incentive to finalize the papers more quickly was that the sooner the papers were completed, the sooner Mr. Maisonet would have the settlement funds. I am checking with the SHA on how quickly the check can be issued once the agreement is signed.

Can you now confirm that the draft of the agreement is acceptable? If so, I will have the SHA execute a copy immediately.

I will pass along the suggestion that SHA begin working with Mr. Maisonet on the Section 8 paperwork in anticipation of a signed agreement. The matter has been on hold while the agreement language was being negotiated.

Also in anticipation of a signed agreement, please forward your W-9. Has any progress been made on settling the Singer attorneys' lien? Were you able to obtain a copy of the opposition to the lien that Mr. Maisonet states he attempted to file with the court?

Thank you for your attention to all these issues.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, June 02, 2016 12:21 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - one last inquiry from my client with respect to paragraph 2 and the 14 day period for your client to make payment. First, Mr. Maisonet would like to see the payment made within 2 days pay execution. He really digging in here on this request because his impression is that it was represented during the mediation that payment would be made 14 days from the mediation. Obviously, this assumes execution of the agreement but regardless, Mr. Maisonet cannot wait another 14 days. So whatever is humanly practical is requested here.

Lastly, Mr. Maisonet is still awaiting the necessary paperwork for the Voucher. My understanding is that your client was going to send it to him. Please advise.

Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, May 27, 2016 2:54 pm
To: <jmurphy@murphycounsel.com>

Justin,

Attached is a revised draft for consideration. I look forward to hearing from you. Also, still awaiting an appearance please.

Martin

---

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Wednesday, May 25, 2016 10:08 AM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Attorney Rooney - I look forward getting those revisions.

Unfortunately, Mr. Maisonet is not willing to agree to any payout for Atty Singer's lien. That will have to be resolved by motion of the court. According to Mr. Maisonet he mailed a motion in opposition but I do not believe it was ever filed. I will be looking into this and filing said motion if necessary.

My fee is $2000.00 for handling this portion of the matter and so I would request that language to be put in the agreement if necessary. Further, I would ask that a separate check based on w9 be issued to me. Thank you.

Please let me know if you have any questions or concerns. Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 3:37 pm
To: <jmurphy@murphycounsel.com>

Justin,

I think we are really pretty much on the same page here with regard to Mr. Maisonet's obligations. It is my understanding that Plaintiff can only breach the agreement by failing to do those things within his personal control. That was the intent of the language in Paragraph 2: "the failure of Mr. Maisonet to execute any required forms and/or

supply any necessary information...." Mr. Maisonet will not be in breach if he were to do everything in his power required by the regulations to apply for the voucher (or to follow up once he has the voucher); therefore, I believe your proposal in your paragraph 4 below is accurate. (Please note, however, that generally speaking it is highly unlikely he will not qualify for the voucher. He currently qualifies for public housing. The usual problems in qualifying are too much income and/or recent criminal convictions. (NB: the settlement does not count as income.) If he fails to qualify for the voucher now on that type of basis, it is extremely likely he will also no longer qualify for public housing at the SHA or anywhere else as a matter of law.) I will send you a revised version of the agreement addressing this language tomorrow.

Also, no problem changing the wording regarding the reference to "non-negative/neutral".

Finally, I heard from Atty. Singer with regard to his lien. He is willing to compromise the lien and release same for the payment of his out-of-pockets of $6399. I will plan to have two checks cut, one for $58,601 payable to Maisonet and yourself, and one for $6399 payable to Atty. Singer if that is agreeable with you. Let me know if that process is agreeable.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Tuesday, May 24, 2016 2:18 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement

Hello Martin - thanks for your follow up email and reply to my client's concerns regarding the proposed terms of the settlement agreement.

First, I will be filing my appearance today and will provide you a copy of it, accordingly.

Second, most importantly, while I understand your point about enforcement of the contractual terms upon breach, the terms related to your client's ability to seek refund of the settlement proceeds are excessively one-sided. For example, it is speculative with regard to whether Mr. Maisonet shall qualify or not qualify for a Section 8 voucher. Where he has no control over this condition, not qualifying for the voucher should not constitute a breach of the agreement. The settlement contemplates his release and waiver of claims against your

5

client. That is his consideration for the 65k, voucher, waiver of any back rent, and neutral reference, etc. The voucher is an elective which is necessarily outside to scope of the pending litigation. Therefore, to require Mr. Maisonet to repay the settlement proceeds should he not qualify for the voucher is arguably unduly restrictive.

Rather, Mr. Maisonet proposes that should he not fulfill his obligations with respect to the Section 8 voucher, your client would not be liable under the agreement to issue him said voucher.

Lastly, as far as Mr. Maisonet's other concerns, the only request he has would be in accordance to your suggestion to change the "neutral" reference to "non-negative/neutral reference".

You have addressed my other concerns-thank you.

I look forward to your response.

Best regards,


Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Tue, May 24, 2016 11:03 am
To: <jmurphy@murphycounsel.com>

Dear Atty. Murphy,

This matter came up on diary today. I am writing to follow up on the status of the settlement agreement. Thanks.


Martin


**From:** Martin J. Rooney
**Sent:** Thursday, May 19, 2016 2:21 PM

**To:** 'jmurphy@murphycounsel.com'
**Subject:** RE: Jorge Maisonet Settlement

Atty. Murphy,

Please see the attached reply.

MJR

---

**From:** jmurphy@murphycounsel.com
[mailto:jmurphy@murphycounsel.com]
**Sent:** Thursday, May 19, 2016 10:57 AM
**To:** Martin J. Rooney
**Subject:** Jorge Maisonet Settlement

Attorney Rooney - please see the attached letter on behalf of
Jorge Maisonet.  Thank you.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is
confidential and/or privileged. This information is intended for the use of the
addressee named above. If you are not the addressee, note that any disclosure,
photocopying, distribution or use of the contents of this emailed information is
prohibited. If you have received this email in error, please delete the email and
notify us by telephone at 617-921-8932 so that we can retransmit the email to
the proper party.

<u>**RELEASE AND SETTLEMENT AGREEMENT**</u>

1.  In consideration of SIXTY FIVE THOUSAND DOLLARS ($65,000.00) and other valuable consideration paid to Jorge A. Maisonet (or his agents and attorneys) by Salem Housing Authority (SHA or the Authority), and in consideration of the mutual promises of the parties (including those enunciated in the following paragraphs), the receipt and sufficiency of which are hereby acknowledged, Jorge A. Maisonet enters into this release and hereby remises, releases, and forever discharges the Salem Housing Authority, Carol MacGown and Lorri DeFrancesco, and all past and present officers, Board members, directors, employees, servants, and agents of the Authority, from any and all debts, demands, actions, causes of actions, suits, accounts, covenants, contracts, agreements, damages, and all claims, demands, and liabilities whatsoever, including liability for damages and for attorneys' fees, both known and unknown, of any name and nature and in law and in equity, including but not limited to claims under the state and federal fair housing laws, and all anti-discrimination laws against The Authority, Carol MacGown and/or Lorri DeFrancesco, which he now has or ever had, including but not limited to all claims that were or could have been asserted and which in any way relate to or are in connection with his application for tenancy or his tenancy with the Salem Housing Authority and the lawsuit <u>Jorge A. Maisonet v. Salem Housing Authority, et al.</u>, US District Court, District of Massachusetts, Civil Action No.: 1:14-cv-12559-LTS.

2.  As further consideration for this agreement it is agreed that (a) Mr. Maisonet will receive a Section 8 Housing Choice Voucher from the SHA in compliance with all applicable federal regulations governing said program (including but not limited to completion of all necessary program forms, paperwork, verifications, etc., and continued eligibility for said

program); (b) the Authority will forgive all accrued unpaid back rent of Mr. Maisonet, if any; (c) upon request, the Authority will provide a non-negative/neutral tenant reference for Mr. Maisonet; and (d) payment of the settlement funds to be made within 7 days of the completion of all necessary paperwork to effectuate this settlement; and (e) /or the deliverance of the Section 8 Housing Choice Voucher (assuming he qualifies) to Mr. Maisonet.    The above provisions of this paragraph are necessary conditions of the settlement and the failure of Mr. Maisonet to execute any required forms and/or supply any necessary information to be awarded a Section 8 Housing Choice Voucher, and/or to make use of the Section 8 Housing Choice Voucher after delivery of same within the time limits provided by federal regulation, shall entitle the Authority to not issue and/or cancel, recall and rescind the proposed Section 8 Housing Choice Voucher.  Any failure of the Authority to comply with the above provisions of this paragraph may be enforced by motion in the pending federal action only.  Dismissal of said action shall not prohibit Mr. Maisonet from enforcing the terms of this agreement.  .

3.    It is expressly understood that the acceptance of the above-described good and valuable consideration is in full accord and satisfaction of a disputed claim and that such is not an admission of liability.

4.    To the fullest extent allowed by law, Mr. Maisonet agrees that he and his attorney(s) will maintain the confidentiality of this settlement and the specific and general terms thereof as set forth in this agreement.  No information concerning this settlement will be disclosed by any party, except that the parties or their attorneys may disclose the terms of this settlement to immediate family members, financial advisors, accountants, or to any public agency entitled to receive such information according to applicable statutes and regulations.  No other disclosure of the terms of this agreement may be made by any party or their

attorneys, except as required by law. The terms of this paragraph are expressly agreed to be severable, and breach of these terms by any of the parties will not constitute a breach of the remainder of this agreement.

5. In consideration of the mutual promises of the parties (including those enunciated in the above paragraphs), the receipt and sufficiency of which are hereby acknowledged, Salem Housing Authority, Carol MacGown and Lorri DeFrancesco enter into this release and hereby remise, release, and forever discharge Jorge A. Maisonet from any and all debts, demands, actions, causes of actions, suits, accounts, covenants, contracts, agreements, damages, and all claims, demands, and liabilities whatsoever, including liability for damages and for attorneys' fees, both known and unknown, of any name and nature and in law and in equity, including but not limited to claims under the lease with the Authority and all state and federal fair housing laws, and all anti-discrimination laws against him which they now have or ever had, including but not limited to all claims that were or could have been asserted and which in any way relate to or are in connection with his application for tenancy or his tenancy with the Salem Housing Authority and the lawsuit Jorge A. Maisonet v. Salem Housing Authority, et al., US District Court, District of Massachusetts, Civil Action No.: 1:14-cv-12559-LTS.

6. The parties intend that the invalidity or unenforceability of any provision of this Release and Settlement Agreement shall not affect or render invalid or unenforceable any other provision.

7. It is the express intention of the parties that this Release shall operate as a sealed instrument.

8. Mr. Maisonet acknowledges that he is over 18 years of age, that he has read this Release and Settlement Agreement, that he has understood it, and that he has had the opportunity

to seek the advice and counsel of an attorney of his choice, and that he has reported to the US District Court that he has understood the terms and conditions of this settlement agreement. This release additionally applies to Mr. Maisonet's heirs, legal representatives and successors and is binding on all spouses, heirs, legal representatives and anyone else claiming under him.

9. The parties shall file a Stipulation of Dismissal with prejudice in the pending legal action noted in Paragraph 1.

10. The parties further agree that this document may be executed in several parts, and that electronic copies or other duplication of any signature shall be treated as if it is the original signature.

_____          _____
Jorge A. Maisonet                                              Date


## COMMONWEALTH OF MASSACHUSETTS

_____, ss.                                                    ,2016

Then personally appeared before me the above-named, Jorge A. Maisonet, adequately proven to me by _____, and acknowledged the foregoing Release and Settlement Agreement to be his free act and deed.

Before me,


_____
Notary Public

My Commission Expires:

Salem Housing Authority,

_____

Carol MacGown, Ex. Director
Duly authorized

_____

Carol MacGown, individually

## COMMONWEALTH OF MASSACHUSETTS

_____, ss.                                    ,2016

Then personally appeared before me the above-named Carol MacGown, adequately proven to me by _____, and acknowledged the foregoing Release and Settlement Agreement to be her free act and deed.

Before me,

_____

Notary Public
My Commission Expires:

_____
Lorri DeFrancesco, individually


COMMONWEALTH OF MASSACHUSETTS

_____, ss.                                              ,2016


Then personally appeared before me the above-named Lorri DeFrancesco, adequately proven to me by _____, and acknowledged the foregoing Release and Settlement Agreement to be her free act and deed.

Before me,


_____
Notary Public
My Commission Expires:

# EXHIBIT 10

| | |
|---|---|
| **From:** | Martin J. Rooney |
| **Sent:** | Monday, June 06, 2016 10:02 AM |
| **To:** | 'jmurphy@murphycounsel.com' |
| **Subject:** | RE: Jorge Maisonet Settlement/lien |

Justin,

Proposed changes are fine with me and clients.

Thanks.

Martin

**From:** jmurphy@murphycounsel.com [mailto:jmurphy@murphycounsel.com]
**Sent:** Friday, June 03, 2016 12:49 PM
**To:** Martin J. Rooney
**Subject:** RE: Jorge Maisonet Settlement/lien

Hello Martin - hopefully these are the last edits. Mr. Maisonet is having issues with the legalise so I revised paragraph 2 to include (e). I also revised paragraph 2 to include new language regarding enforcement of the agreement because Mr. Maisonet needs it spelled out.

Thanks

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement/lien
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Fri, June 03, 2016 12:03 pm
To: <jmurphy@murphycounsel.com>

# EXHIBIT 11

**Martin J. Rooney**

Thank you, Martin. That is fine.

I'll get you the agreement today hopefully.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement/Section 8
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Mon, June 06, 2016 10:05 am
To: <jmurphy@murphycounsel.com>
Cc: "Carol MacGown" <cmacgown@salemha.org>

Justin,

The Section 8 coordinator (Jackie) is pulling together the necessary forms for Mr. Maisonet to update and will be e-mailing them to him directly, if that is agreeable to you. If Mr. Maisonet has any follow up questions on the Section 8 paperwork, he can call Jackie directly to speed things along.

Martin

# EXHIBIT 12

**Martin J. Rooney**

| | |
|---|---|
| From: | jmurphy@murphycounsel.com |
| Sent: | Monday, June 06, 2016 4:10 PM |
| To: | Martin J. Rooney |
| Cc: | Jorge Maisonet |
| Subject: | RE: Jorge Maisonet Settlement/Section 8 |

Hello Attorney Rooney - I am no longer representing Mr. Maisonet.  He does not want to sign the agreement as is, regardless.  So, this will need to be taken up with the court.

Best regards,

Justin M. Murphy, Esq.
Law Office of Justin M. Murphy
One International Place
Suite 1400
Boston, MA 02110

*t* (617) 921-8932
*f* (617) 535-7552
*e* jmurphy@murphycounsel.com

Legal Notice: This document from the Law Office of Justin M. Murphy is confidential and/or privileged. This information is intended for the use of the addressee named above. If you are not the addressee, note that any disclosure, photocopying, distribution or use of the contents of this emailed information is prohibited. If you have received this email in error, please delete the email and notify us by telephone at 617-921-8932 so that we can retransmit the email to the proper party.

-------- Original Message --------
Subject: RE: Jorge Maisonet Settlement/Section 8
From: "Martin J. Rooney" <mjr@curleylaw.com>
Date: Mon, June 06, 2016 10:05 am
To: <jmurphy@murphycounsel.com>
Cc: "Carol MacGown" <cmacgown@salemha.org>

Justin,

The Section 8 coordinator (Jackie) is pulling together the necessary forms for Mr. Maisonet to update and will be e-mailing them to him directly, if that is agreeable to you.  If Mr. Maisonet has any follow up questions on the Section 8 paperwork, he can call Jackie directly to speed things along.

Martin