# EXHIBIT  1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JORGE A. MAISONET,  Plaintiff | ) ) ) ) | |
| V. | ) ) | CIVIL ACTION  NO. 14-CV-12559-LTS |
| SALEM HOUSING AUTHORITY,  CAROL A. MACGOWN and  LORRI A. DEFRANCESCO,  Defendants | ) ) ) ) ) | |

## AFFIDAVIT OF CAROL MACGOWN IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO CONFIRM COMPLIANCE WITH SETTLEMENT ORDER AND AGREEMENT

Now comes Carol MacGown and makes her affidavit as follows:

1.  I make this affidavit of my own personal knowledge;

2.  At all relevant times I have been, and remain, the Executive Director of the Salem Housing Authority;

3.  I am familiar with the records of the Authority. The attached records are true and accurate copies of records made and/or kept in the usual course of business of the Authority.

    (a)    §8 voucher issued to Jorge A. Maisonet;

    (b)    Letter to Plaintiff dated 9/13/17;

    (c)    Voucher Extension Request Form dated 10/10/17;

    (d)    Letter to Plaintiff dated 7/16/18;

    (e)    E-mail from Plaintiff dated 9/3/18;

    (f)    Letter to Plaintiff dated 9/6/18;

(g)     Letter to Plaintiff dated 9/25/18;

(h)     E-mail from Plaintiff dated 11/1/8.

4.      Between 1/1/18 and 3/20/18, the Plaintiff's §8 voucher use deadline was administratively suspended in accord with applicable regulation, as Plaintiff had located an apartment in Springfield, Massachusetts and was attempting to lease up said unit. The unit was never successfully leased;

5.      Following said attempt to lease an apartment, the Authority, on 3/21/18, extended the voucher until 5/21/18;

6.      Plaintiff and the Brattleboro (VT) Housing Authority both contacted the Authority in April-May, 2017, informing the Authority that Plaintiff was attempting to lease a unit in Brattleboro, Vermont;

7.      In light of said reports, the Salem HA again extended the Plaintiff's voucher until 6/30/18;

8.      Plaintiff did not request an extension of the voucher prior to its expiration, nor did he inform the Salem HA of any efforts to lease any apartment during this time period. Nonetheless, on its own initiative and following an additional contact from Brattleboro HA, the Salem HA once more extended Plaintiff's voucher, now to 8/31/18, and sent a letter to Plaintiff dated 7/16/18 reminding him of his regulatory obligation to keep the Salem HA informed of his efforts to locate an apartment and that he needed to apply for extension before the expiration of the voucher;

9.      On 9/3/18, after the voucher once again expired, Plaintiff e-mailed a request for extension of the voucher, without any documentation to corroborate his statements and allegations;

10. On 9/6/18, the Authority approved the extension request to 11/1/18, with yet another reminder to Plaintiff regarding the need to document what he was reporting to the Authority;

11. In that same letter, the Authority raised Plaintiff's overdue rent. Plaintiff had not paid rent since September 2014, and since the Settlement and Issuance of the voucher in April 2017, he has continued not to pay rent. This rent arrearage (post voucher issuance) was then approximately $7,000, and he was asked to contact the Authority to address that situation. The Salem HA had hoped that Plaintiff's limited attempts to locate an apartment would be successful. Up to that point in time, I had been willing to forego the accrued rent if it would avoid further litigation.

12. On 11/1/18, Plaintiff again sent an e-mail, disparaging the Authority and its attempts to close out this settlement. Once again, Plaintiff failed to document any of his contentions and did not report any current efforts to locate housing;

13. The Plaintiff has also not recertified his income for the past four years, and he has not allowed anyone to enter his apartment for the required annual housing unit inspection.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____13th_____ DAY OF NOVEMBER, 2018.

Carol MacGown
Executive Director
Salem Housing Authority

- 3 -

# EXHIBIT 1A

# Voucher
## Housing Choice Voucher Program

U.S. Department of Housing
and Urban Development
Office of Public and Indian Housing

OMB No. 2577-0169
(Exp. 04/30/2018)

Public Reporting Burden for this collection of information is estimated to average 0.08 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless that collection displays a valid OMB control number. Assurances of confidentiality are not provided under this collection. This collection of information is authorized under Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f). The information is used to authorize a family to look for an eligible unit and specifies the size of the unit. The information also sets forth the family's obligations under the Housing Choice Voucher Program.

**Privacy Act Statement.** The Department of Housing and Urban Development (HUD) is authorized to collect the information required on this form by Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f). The information is used to authorize a family to look for an eligible unit and specifies the size of the unit. The information also sets forth the family's obligations under the Housing Choice Voucher Program. HUD may disclose this information to Federal, State and local agencies when relevant to civil, criminal, or regulatory investigations and prosecutions. It will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. Failure to provide any of the information may result in delay or rejection of family voucher issuance.

| Please read entire document before completing form Fill in all blanks below. Type or print clearly. | Voucher Number N/A |
|---|---|
| 1. Insert unit size in number of bedrooms. (This is the number of bedrooms for which the Family qualifies, and is used in determining the amount of assistance to be paid on behalf of the Family to the owner.) | Unit Size 1 Bedroom |
| 2. Date Voucher Issued (mm/dd/yyyy) Insert actual date the Voucher is issued to the Family. | 2. Issue Date (mm/dd/yyyy) 04/26/2017 |
| 3. Date Voucher Expires (mm/dd/yyyy) Insert date sixty days after date Voucher is issued. (See Section 6 of this form.) *see extension attached* | 3. Expiration Date (mm/dd/yyyy) 06/26/2017 |
| 4. Date Extension Expires (if applicable) (mm/dd/yyyy) (See Section 6, of this form) 7/26/2017 | 4. Date Extension Expires (mm/dd/yyyy) 8/26/2017 |
| 5. Name of Family Representative Jorge Maisonet | 6. Signature of Family Representative | Date Signed (mm/dd/yyyy) 4/26/17 |
| 7. Name of Public Housing Agency (PHA) Salem Housing Authority | | |
| 8. Name and Title of PHA Official Jacqueline A. Guzman | 9. Signature of PHA Official | Date Signed (mm/dd/yyyy) 4/25/17 |

## 1. Housing Choice Voucher Program

A. The public housing agency (PHA) has determined that the above named family (item 5) is eligible to participate in the housing choice voucher program. Under this program, the family chooses a decent, safe and sanitary unit to live in. If the owner agrees to lease the unit to the family under the housing choice voucher program, and if the PHA approves the unit, the PHA will enter into a housing assistance payments (HAP) contract with the owner to make monthly payments to the owner to help the family pay the rent.

B. The PHA determines the amount of the monthly housing assistance payment to be paid to the owner. Generally, the monthly housing assistance payment by the PHA is the difference between the applicable payment standard and 30 percent of monthly adjusted family income. In determining the maximum initial housing assistance payment for the family, the PHA will use the payment standard in effect on the date the tenancy is approved by the PHA. The family may choose to rent a unit for more than the payment standard, but this choice does not change the amount of the PHA's assistance payment. The actual amount of the PHA's assistance payment will be determined using the gross rent for the unit selected by the family.

## 2. Voucher

A. When issuing this voucher the PHA expects that if the family finds an approvable unit, the PHA will have the money available to enter into a HAP contract with the owner. However, the PHA is under no obligation to the family, to any owner, or to any other person, to approve a tenancy. The PHA does not have any liability to any party by the issuance of this voucher.

B. The voucher does not give the family any right to participate in the PHA's housing choice voucher program. The family becomes a participant in the PHA's housing choice voucher program when the HAP contract between the PHA and the owner takes effect.

C. During the initial or any extended term of this voucher, the PHA may require the family to report progress in leasing a unit at such intervals and times as determined by the PHA.

### 3. PHA Approval or Disapproval of Unit or Lease

A. When the family finds a suitable unit where the owner is willing to participate in the program, the family must give the PHA the request for tenancy approval (on the form supplied by the PHA), signed by the owner and the family, and a copy of the lease, including the HUD-prescribed tenancy addendum. **Note: Both documents must be given to the PHA no later than the expiration date stated in item 3 or 4 on top of page one of this voucher.**

B. The family must submit these documents in the manner that is required by the PHA. PHA policy may prohibit the family from submitting more than one request for tenancy approval at a time.

The lease must include, word-for-word, all provisions of the tenancy addendum required by HUD and supplied by the PHA. This is done by adding the HUD tenancy addendum to the lease used by the owner. If there is a difference between any provisions of the HUD tenancy addendum and any provisions of the owner's lease, the provisions of the HUD tenancy addendum shall control.

D. After receiving the request for tenancy approval and a copy of the lease, the PHA will inspect the unit. The PHA may not give approval for the family to lease the unit or execute the HAP contract until the PHA has determined that all the following program requirements are met: the unit is eligible; the unit has been inspected by the PHA and passes the housing quality standards (HQS); the rent is reasonable; and the landlord and tenant have executed the lease including the HUD-prescribed tenancy addendum.

E. If the PHA approves the unit, the PHA will notify the family and the owner, and will furnish two copies of the HAP contract to the owner.

1. The owner and the family must execute the lease.
2. The owner must sign both copies of the HAP contract and must furnish to the PHA a copy of the executed lease and both copies of the executed HAP contract.
3. The PHA will execute the HAP contract and return an executed copy to the owner.

F. If the PHA determines that the unit or lease cannot be approved for any reason, the PHA will notify the owner and the family that:

1. The proposed unit or lease is disapproved for specified reasons, and
2. If the conditions requiring disapproval are remedied to the satisfaction of the PHA on or before the date specified by the PHA, the unit or lease will be approved.

### 4. Obligations of the Family

A. When the family's unit is approved and the HAP contract is executed, the family must follow the rules listed below in order to continue participating in the housing choice voucher program.

B. The family must:

1. Supply any information that the PHA or HUD determines to be necessary including evidence of citizenship or eligible immigration status, and information for use in a regularly scheduled reexamination or interim reexamination of family income and composition.
2. Disclose and verify social security numbers and sign and submit consent forms for obtaining information.
3. Supply any information requested by the PHA to verify that the family is living in the unit or information related to family absence from the unit.
4. Promptly notify the PHA in writing when the family is away from the unit for an extended period of time in accordance with PHA policies.
5. Allow the PHA to inspect the unit at reasonable times and after reasonable notice.
6. Notify the PHA and the owner in writing before moving out of the unit or terminating the lease.
7. Use the assisted unit for residence by the family. The unit must be the family's only residence.
8. Promptly notify the PHA in writing of the birth, adoption, or court-awarded custody of a child.
9. Request PHA written approval to add any other family member as an occupant of the unit.
10. Promptly notify the PHA in writing if any family member no longer lives in the unit. Give the PHA a copy of any owner eviction notice.
11. Pay utility bills and provide and maintain any appliances that the owner is not required to provide under the lease.

C. Any information the family supplies must be true and complete.

D. The family (including each family member) must not:

1. Own or have any interest in the unit (other than in a cooperative, or the owner of a manufactured home leasing a manufactured home space).
2. Commit any serious or repeated violation of the lease.
3. Commit fraud, bribery or any other corrupt or criminal act in connection with the program.
4. Engage in drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises.
5. Sublease or let the unit or assign the lease or transfer the unit.

form HUD 52646 (04/2015)
ref. Handbook 7420.8

6. Receive housing choice voucher program housing assistance while receiving another housing subsidy, for the same unit or a different unit under any other Federal, State or local housing assistance program.

7. Damage the unit or premises (other than damage from ordinary wear and tear) or permit any guest to damage the unit or premises.

8. Receive housing choice voucher program housing assistance while residing in a unit owned by a parent, child, grandparent, grandchild, sister or brother of any member of the family, unless the PHA has determined (and has notified the owner and the family of such determination) that approving rental of the unit, notwithstanding such relationship, would provide reasonable accommodation for a family member who is a person with disabilities.

9. Engage in abuse of alcohol in a way that threatens the health, safety or right to peaceful enjoyment of the other residents and persons residing in the immediate vicinity of the premises

### 5. Illegal Discrimination

If the family has reason to believe that, in its search for suitable housing, it has been discriminated against on the basis of age, race, color, religion, sex, disability, national origin, or familial status, the family may file a housing discrimination complaint with any HUD Field Office in person, by mail, or by telephone. The PHA will give the family information on how to fill out and file a complaint.

### 6. Expiration and Extension of Voucher

The voucher will expire on the date stated in item 3 on the top of page one of this voucher unless the family requests an extension in writing and the PHA grants a written extension of the voucher in which case the voucher will expire on the date stated in item 4. At its discretion, the PHA may grant a family's request for one or more extensions of the initial term.

form HUD-52646 (04/2015)
ref. Handbook 7420.8

# EXHIBIT 1B



John A. Boris, Chairman
Frank J. Milo, Vice Chairman
Peter K. Strout, Second Vice Chairman
Maureen Call, Treasurer

Carol A. MacGown, Executive Director

Via First Class Mail and Email

September 25, 2017

Jorge A. Maisonet
205 Bridge Street, Unit # 201
Salem, MA 01970

Dear Mr. Maisonet:

As you are aware, the SHA issued to you a Section 8 Housing Choice Voucher on April 26, 2017.

Consistent with the program guidelines, the initial term of the voucher was 60 days to find a suitable housing unit for yourself. Upon request (as agreed in court) two 30 day extensions were granted to you. You are now past 120 days, and technically your voucher expired on August 26, 2017.

If you have been unable to find a suitable housing unit due to any special circumstances, I am willing to discuss the granting of an additional extension with you.

**Upon receipt of this letter, please contact me at 978-744-4431, extension 112, in order to discuss extending the voucher. Alternatively, please complete the attached extension request form and submit it to me.**

If I do not hear from you within 10 business days of the date of this letter, I will presume that you are no longer interested in participating in the Section 8 Housing Choice Voucher Program.

Sincerely,

Jacqueline A. Guzman
Federal Programs Administrator

cc: Martin Rooney, Esq.






# SALEM HOUSING
## A U T H O R I T Y

### Request for Voucher Extension Form

Date: _____

Are you requesting portability?  ☐ Yes  ☐ No  If yes, please explain:

_____

_____

Name: _____

Address: _____

_____

Contact Number: _____

### Explanation of your Request for a Voucher Extension

Why have you been unable to locate a unit in 120 days?

_____

_____

_____

What efforts have you made to locate another unit? (Be specific)

_____

_____

_____

_____

Have any documents been submitted to support the request for an extension?
☐ Yes  ☐ No  If yes, what type of document(s):

_____

_____

_____

_____        _____
Print Name                              Signature

For SHA Official use only:

**Final Determination:**

Extension Granted          Yes ☐  No ☐     New Voucher Extension Date:_____

_____                    Jacqueline A. Guzman_____
Signature                                                              Print Name

_____
Date

EXHIBIT 1C

603-419-2506

# SALEM HOUSING AUTHORITY

## Request for Voucher Extension Form

Date: 10/10/17

Are you requesting portability? ☑ Yes ☐ No  If yes, please explain:

Looking to move out of Salem

Name: _____

Address: _____

_____

Contact Number: _____

## Explanation of your Request for a Voucher Extension

Why have you been unable to locate a unit in 120 days?

Health and because it took a long time to get voucher issued

now will be getting help in finding unit

What efforts have you made to locate another unit? (Be specific)

Search online
Visited complex (Several)

Have any documents been submitted to support the request for an extension?
☐ Yes ☑ No  If yes, what type of document(s):

_____

_____

_____

Print Name _____          Signature _____

Phone Conversation to fill form.

**For SHA Official use only:**

**Final Determination:**

Extension Granted     Yes ☐   No ☐    New Voucher Extension Date:_____

Jacqueline A. Guzman_____

_____       Print Name

Signature

_____

Date

# EXHIBIT  1D



John A. Boris, Chairman
Frank J. Milo, Vice Chairman
Peter K. Strout, Second Vice Chairman
Maureen Call, Treasurer

Carol A. MacGown, Executive Director

# SALEM HOUSING
### A U T H O R I T Y

July 16, 2018

BY E-Mail (Jorge Maisonet jorgemaisonet@yahoo.com )

Jorge Maisonet
205 Bridge Street, #201
Salem MA 01970

RE: **Section 8 voucher extension**

Dear Mr. Maisonet:

As you are certainly aware, your Section 8 voucher expired by its terms on 6/30/18. The Authority has not received from you any request to extend the voucher. However, the Authority understands that you are still in discussions with the Brattleboro (VT) Housing Authority about moving to an apartment in one of its complexes. This letter is to inform you that an extension has been granted in the discretion of the Authority pursuant to 24 CFR 982.303(b)(1), since it appears you are making reasonable efforts to locate new housing. The new expiration date for your voucher is now August 31, 2018. Please also contact me upon receipt of this letter to update your status and to complete the extension request form.

As you have been previously reminded, it is required that you keep the Salem Housing Authority fully informed of the status of your attempts to locate an apartment, and to apply well in advance of the expiration of the voucher for any additional needed extensions. Please be advised that any future requests for extensions are unlikely to be granted unless fully supported and documented, and submitted in a timely fashion. Please be sure to record each and every apartment you review and all efforts by you to find new housing with the voucher. Pursuant to the regulations, if you do eventually need to submit a request for further extension, it must be submitted prior to the expiration of the voucher. Please keep the SHA up to date on your dealings with the Brattleboro Housing Authority.




If you have any questions, please let me know.

Sincerely,

Jacqueline A. Guzman
Federal Program Administrator

Enclosure

EXHIBIT 1E

**Martin J. Rooney**

| | |
|---|---|
| **From:** | Jacqueline Guzman <jguzman@salemha.org> |
| **Sent:** | Wednesday, September 05, 2018 8:44 AM |
| **To:** | Martin J. Rooney; sarah.oleary@state.ma.us |
| **Subject:** | FW: Voucher Extension |

Good Morning,

Below you will find an e-mail sent by Jorge on Monday 9/3/18.

Please advise

_____

Jacqueline A. Guzman
Federal Programs Administrator
**Salem Housing Authority**
27 Charter St.
Salem, MA 01970
Tel: 978-744-4431 ext. 112
Fax: 978-744-9614

*Please be aware that all communications pertaining to Salem Housing Authority matters including email sent or received are a public record subject to disclosure under the Massachusetts Public Records Law. If requested, email may be disclosed to another party unless exempted from disclosure. All electronic messages sent through the Salem Housing Authority system are archived in conformance with Massachusetts and Federal Public Records laws.*

**From:** Jorge Maisonet [mailto:jorgemaisonet@yahoo.com]
**Sent:** Monday, September 03, 2018 7:17 AM
**To:** Jacqueline Guzman
**Subject:** Re: Voucher Extension

Ms Guzman, as you may already be aware, Brattleboro Housing Authority has discriminated against me by refusing to rent an apartment to me because I have two assistance animals. This has been detremental to my health and disallowed me from finding a peaceful place to live with my dogs.

I want to request another extension, or use my section 8 voucher for my apartment at Dalton, until I can find a place to live. I still want to move and looking for an apartment.

Please advice as to how we should proceed.

Jorge

On Mon, Jul 16, 2018 at 2:54 PM, Jacqueline Guzman <jguzman@salemha.org> wrote:

Good Afternoon Jorge,

Attached you will find correspondence in reference to the extension of your Section 8 Housing Choice Voucher.

Should you have any questions, feel free to call me.

_____

Jacqueline A. Guzman
Federal Programs Administrator

**Salem Housing Authority**

27 Charter St.

Salem, MA 01970

Tel: 978-744-4431 ext. 112

Fax: 978-744-9614

*Please be aware that all communications pertaining to Salem Housing Authority matters including email sent or received are a public record subject to disclosure under the Massachusetts Public Records Law. If requested, email may be disclosed to another party unless exempted from disclosure. All electronic messages sent through the Salem Housing Authority system are archived in conformance with Massachusetts and Federal Public Records laws.*

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

EXHIBIT 1F



John A. Boris, Chairman
Frank J. Milo, Vice Chairman
Peter K. Strout, Second Vice Chairman
Maureen Call, Treasurer

Carol A. MacGown, Executive Director

*Via E-mail (jorgemaisonet@yahoo.com)*

September 6, 2018

Jorge Maisonet
205 Bridge Street, #201
Salem, MA 01970

Re:    **Section 8 Voucher Extension**

Dear Mr. Maisonet:

The Authority is in receipt of your e-mail of September 3, 2018, requesting a further extension of your Section 8 voucher.

As you know the voucher actually expired on August 31, 2018, and on July 16, 2018, you were informed that any future requests for an extension needed to be filed prior to the expiration date. You did not file your request in a timely manner.

Your request indicates that your attempt to move to Brattleboro, Vermont has failed, allegedly due to the actions of the Brattleboro Housing Authority. You go on to state that those actions have been "detrimental to [your] health." However, no medical or clinical records or reports of a health care professional were produced to provide evidence of this impact on your health, or to explain why your condition would require an extension of time for your voucher.

Additionally, you state that you are "looking for an apartment." However, no records were produced to corroborate this statement, nor was any list of apartments investigated by you included in your request.

Despite the above deficiencies with your request, the Authority has decided, in its sole discretion, to grant your request and extend the voucher until November 1, 2018.

Please be advised that at this time your rent arrearage is now approximately $7,000. Please contact me to set up a rent repayment plan within the next ten days. Please be further advised that the Authority does expect you to resume promptly your rent payments.

Additionally, please file with the Authority each month a detailed account of your attempts to find housing, including the location of each apartment reviewed and the name of the landlord.





Finally, absent extraordinary circumstances which have been fully documented, and absent compliance with all the above-noted issues and requirements, it is highly probable that the Authority will not grant any additional extensions to the voucher. The voucher was originally issued on April 26, 2017. It was extended to July 26, 2017, August 26, 2017, December 31, 2017, May 21, 2018, June 30, 2018 and August 31, 2018. This letter further extends the time period to November 1, 2018. That is a total of 18 months.

If you have any questions, please write, email or call to discuss the questions.

Sincerely,

Jacqueline A. Guzman
Federal Program Administrator
JAG:es

cc:     C. MacGown
        Martin J. Rooney, Esquire

# EXHIBIT 1G



John A. Boris, Chairman
Frank J. Milo, Vice Chairman
Peter K. Strout, Second Vice Chairman
Maureen Call, Treasurer

Carol A. MacGown, Executive Director

# SALEM HOUSING
## A U T H O R I T Y

VIA E-Mail (jorgemaisonet@yahoo.com)

September 25, 2018

Jorge Maisonet
205 Bridge Street, #201
Salem, MA 01970

**RE: Section 8 Voucher Extension**

Dear Mr. Maisonet:

I am writing concerning my correspondence dated September 6, 2018 to you which was sent via email.

I would like to draw you attention to the paragraph which requested you to contact me at the Authority 10 days from the date of the letter (September 6, 2018) so that we could set up a repayment plan. To date, I have not heard from you. Also, I am waiting for a detailed account of your attempts to find housing including the location of each apartment reviewed and the name of the landlord.

I enclose a copy of my correspondence to you dated September 6, 2018 for your review.

If you should have any questions, please write, email or call to discuss said questions.

Sincerely,

Jacqueline A. Guzman
Federal Program Administrator

cc: Carol A. MacGown, Director
    Martin Rooney, Esq.





# EXHIBIT 1H

| From: | Jorge Maisonet <jorgemaisonet@yahoo.com> |
|---|---|
| Sent: | Thursday, November 01, 2018 1:14 PM |
| To: | jguzman@salemha.org; Carol MacGown; Martin J. Rooney; ldefrancesco@salemha.org |
| Subject: | Re: Section 8 Voucher Extension |

Ms. Jacqueline Guzman, on a previous communication with you, I asked that if an extension for my Section 8 Voucher was not going to be allowed by Salem Housing Authority, that I will use my Section 8 Voucher in my current apartment. I never received a response from you regarding using my Section 8 Voucher in my current apartment. Instead, you and the Salem Housing Authority issued another extension, made new and false claims that I owe the Salem Housing Authority $7,000 in back rent and are threatening to evict me from my apartment.

The correspondence from your office make false statements and are in contempt of the settlement agreement ordered by the court. You should be aware that Carol MacGown, Lori DeFrancesco, Salem Housing Authority, et al, (that includes you) agreed during settlement to give me a Section 8 Voucher, that you will not make any claims against me pertaining to my residence in my current apartment and that you will not charge me any back rent. You should know that you will also be held personally responsible in the courts of law for any false statements you make against me and any decisions you or anyone else at Salem Housing Authority take against the settlement agreement ordered by the court.

Also, you are very well aware that on two different occasion, I found an apartment. One in Springfield, MA and another in Brattleboro, VT. Both, the Springfield Housing Authority and Brattleboro Housing Authority disallowed me from using my Section 8 Voucher and from renting any of those two apartments, because they discriminated against me for the same reasons I filed lawsuit against Carol MacGown, Lori DeFrancesco, Salem Housing Authority, et al. I have made great efforts to secure and apartment and use my Section 8 Voucher. However, that has been made impossible by Salem Housing Authority, Springfield Housing Authority, Brattleboro Housing Authority, and HUD.

I feel this is something that can be resolved without further court intervention, if Carol MacGown wants to. However, Carol MacGown's, Lori DeFrancesco's, and your actions have been all along to engage in an eternal legal battle with me, disallow me from using the Section 8 Voucher, and evict me so that I become homeless.

In your letter you claimed that I have not provided any documentation from a healthcare provider regarding how my health has disallowed me from continuing to search for an apartment. You did not make this request previously. My mental health condition has been documented with Salem Housing Authority. If you do not understand how the health of a disabled person suffering from chronic depression is further damaged by being discriminated against for their disability, by being disallowed from finding an apartment and using their Section 8 Voucher, and being threaten with eviction and left homeless, shows that you, Carol MacGown, Lori DeFrancesco, et al, are not qualified with matters regarding my health and don't have the common sense to understand a disabled person suffering from depression that has to engage in a long and extended legal battle because of your, Carol MacGown's, Lori DeFrancesco's, and the employees at Springfield Housing Authority's, and Brattleboro Housing Authority's animosity against them.

I do not owe Salem Housing Authority any back rent. I remind you that my apartment has been inspected by the state and for 4 consecutive years, it has not passed inspection for the same reasons each year. Carol MacGown, Lori DeFrancesco, Salem Housing Authority, et al, have not allowed me to have a peaceful place to live in my current apartment and have refused for the last 4 years to make the repairs in my apartment that Salem Housing Authority is legally responsible to make. You need to

retract from your claims that I owe back rent, because that is false, against the settlement agreement, and it will also disallow me from using my Section 8 Voucher. Your threats to evict me from my apartment are also against the settlement agreement and will likely disallow me from using my Section 8 Voucher in the future.

I am asking for another extension so that I can continue my search for an apartment. If you or Carol MacGown will not issue another extension, I want to use my Section 8 Voucher in my current apartment. Please advice as to the process to use my voucher in my current apartment, in the event an extension for my voucher will not be issued. Also, please confirm that your false claims that I owe back rent will be removed from my records and that you will stop making false claims that I owe back rent.

Finally, I am asking you to send me a copy via my email of all my housing records that you forwarded via fax or any other method to Springfield Housing Authority and Brattleboro Housing Authority. You may attach these documents via email to me as a PDF.

Again, I know that these matters can be resolved without having to continue to consume the resources of the court and for taxpayers to continue to pay for your discriminatory conduct against a disabled person. I look forward to your response and resolving this matter soon.

Jorge Maisonet


On Tue, Sep 25, 2018 at 11:35 AM, Jacqueline Guzman <jguzman@salemha.org> wrote:

Good Morning Mr. Maisonet,


Attached you will find correspondence to follow-up on the September 6, 2018 email.


Should you have any questions, please write, email or call.


_____

Jacqueline A. Guzman
Federal Programs Administrator